# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**UNITED STATES OF AMERICA**
Plaintiff,

v.

**JUAN KIRK SPURLIN, JR.**
Defendant.

Case No.: 1:26-cr-00042-UNA-1



## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PRIOR BAD ACTS, UNRELATED CRIMINAL HISTORY, AND PREJUDICIAL DISCOVERY MATERIAL

COMES NOW Defendant, Juan Kirk Spurlin, Jr., appearing Pro Se, and respectfully moves this Honorable Court, in limine, for an Order excluding any reference to alleged prior bad acts, unrelated criminal history, dismissed matters, fabricated allegations, or prejudicial discovery material not directly relevant to the elements of the charged offense.

### I. INTRODUCTION

The Government's discovery relies heavily on criminal history material that is vague, overlapping, internally inconsistent, and in many instances unsupported by verifiable convictions. The introduction of such material would invite unfair prejudice, confuse the issues, and distract the trier of fact from the narrow elements of the charged offense.

### II. UNLAWFUL COBB COUNTY CHARGING INSTRUMENT

The Government's narrative improperly incorporates an unlawful charging instrument originating from Cobb County, Georgia, where Defendant was detained for approximately sixty-seven (67) days based on a fabricated failure-to-appear allegation. Defendant has filed evidence on the record establishing actual court appearances and challenging the validity of that detention. Any reliance on this unlawful process constitutes improper propensity evidence.

### III. FABRICATED FAILURE-TO-APPEAR ALLEGATION

The alleged failure-to-appear claim is demonstrably false. Documentary evidence has been filed establishing Defendant's presence and participation in the referenced proceedings. Admission of such allegations would mislead the factfinder and violate fundamental fairness.

## IV. DRIVING ON SUSPENDED LICENSE ALLEGATIONS

Any references to driving on suspended license charges are contested and intertwined with unresolved child support accounting discrepancies, unexplained payment gaps, and administrative enforcement errors. These matters are civil and administrative in nature, unrelated to the instant charge, and lack probative value.

## V. REMOTE AND UNRELATED CRIMINAL HISTORY

Defendant has resided in Georgia for approximately sixteen (16) years. Any criminal history predating Defendant's relocation to Georgia in 2010 is remote, irrelevant, and inadmissible. Such material bears no relation to the charged conduct and serves only to inflame prejudice.

## VI. OVERLAPPING, DUPLICATIVE, AND UNSUPPORTED ENTRIES

The criminal history provided in discovery contains repetitive and overlapping entries, inconsistent dates, and references to charges that were never filed, dismissed, or resolved without conviction. The Government may not use vague criminal history summaries as a substitute for admissible proof.

## VII. RULE 404(b) AND RULE 403

Federal Rule of Evidence 404(b) prohibits the use of prior acts to prove character or propensity. Rule 403 further mandates exclusion where the danger of unfair prejudice substantially outweighs any probative value. The discovery material at issue violates both rules.

## VIII. BAD FAITH AND PREJUDICIAL PURPOSE

The cumulative presentation of unrelated criminal history appears designed to distract Defendant, burden a Pro Se defense, and create an impermissible narrative of character rather than evidence. This posture supports exclusion in the interest of justice.

## IX. REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter an Order: (1) excluding all references to prior bad acts and unrelated criminal history; (2) prohibiting the Government from introducing or referencing dismissed, fabricated, or unsupported allegations; and (3) granting such further relief as justice requires.

Respectfully submitted,

*/s/ Juan K. Spurlin/*

Juan Kirk Spurlin, Jr.

Pro Se Defendant

7231 Bedrock Cir.

Lithonia, GA 30038

(470) 551-4086

punchamericallc@gmail.com

punchamericallc@gmail.com

Date: 02/09/2026

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served upon all parties of record in accordance with applicable rules.

*[signature]*

Juan Kirk Spurlin, Jr.

Date: 02/09/2026