FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 17 2026

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF GEORGIA

United States of America

v.

Juan K. Spurlin Jr., Pro Se

Case No. 1:26-cr-00042-UNA-1

---

# DEFENDANT'S MOTION TO DISMISS FOR STRUCTURAL DUE PROCESS VIOLATIONS, DEFECTIVE NOTICE, VINDICTIVE PROSECUTION, AND PREJUDICIAL MISUSE OF PROCESS

COMES NOW Defendant Juan K. Spurlin Jr., appearing Pro Se, and respectfully moves this Court to dismiss the prosecution in its entirety. This motion is grounded upon the Fifth and Sixth Amendments to the United States Constitution, the Georgia Constitution's guarantee of due process and fair procedure, and controlling United States Supreme Court precedent.

This filing does not challenge lawful authority — it challenges unlawful execution of authority.

Government power is legitimate only when exercised through fair procedure. Where procedure collapses, legitimacy collapses with it.

# I. FOUNDATIONAL PRINCIPLE — AUTHORITY EXISTS ONLY THROUGH JUST PROCESS

The government does not obtain authority merely by accusation.

Authority is sustained only when the process is fair, transparent, and impartial.

Due process is not a technicality.

Due process is the mechanism that prevents punishment without proof.

The Supreme Court has repeatedly held:

"The fundamental requisite of due process of law is the opportunity to be heard."
Grannis v. Ordean, 234 U.S. 385 (1914)
"Notice reasonably calculated to apprise interested parties is a constitutional requirement."
Mullane v. Central Hanover Bank, 339 U.S. 306 (1950)

Where notice fails, proceedings fail.

# II. DEFECTIVE NOTICE — PROCEEDINGS INITIATED WITHOUT CONSTITUTIONAL SERVICE

Defendant did not receive lawful notice of indictment or arraignment and discovered proceedings only through independent investigation of court dockets.

A prosecution cannot constitutionally proceed against a defendant who was never properly informed of the accusation.

The Fifth Amendment requires formal accusation and opportunity to respond.

Failure of notice constitutes structural error.

Structural error requires automatic reversal or dismissal:

Arizona v. Fulminante, 499 U.S. 279 (1991)

Because a defendant cannot defend against a charge he was never properly notified of, every action taken thereafter is constitutionally compromised.

# III. ESCALATION AFTER EXERCISE OF RIGHTS — PRESUMPTIVE VINDICTIVE PROSECUTION

The original citation was dismissed.

After Defendant filed motions asserting constitutional protections, the Government escalated the charge to a felony.

This is precisely the conduct condemned by the Supreme Court:

> "Due process is violated when the State increases charges after a defendant exercises a statutory or constitutional right."
> Blackledge v. Perry, 417 U.S. 21 (1974)

The sequence is undisputed:

1. Defendant challenges procedure
2. Government fails to respond
3. Charges are dismissed
4. New indictment escalates severity

That sequence creates a presumption of vindictiveness as a matter of law.

The prosecution must rebut it with objective evidence — not argument.

---

# IV. FAILURE TO DISCLOSE — BRADY AND GIGLIO VIOLATIONS

The Government has failed to provide timely disclosure of evidence, including:

• body camera footage

• surveillance recordings

• officer credibility material

• investigative documentation

Suppression of material evidence violates due process regardless of intent:

Brady v. Maryland, 373 U.S. 83 (1963)
Giglio v. United States, 405 U.S. 150 (1972)

When the State controls evidence but delays disclosure, the trial itself becomes unreliable.

A trial without disclosure is not a trial — it is a presumption.

---

# V. RIGHT TO SELF-REPRESENTATION PREJUDICED

Defendant preserved the right to self-representation on the record.

The Court subsequently imposed counsel participation without consent.

The Constitution guarantees personal defense:

Faretta v. California, 422 U.S. 806 (1975)

Interference with that right is structural error and requires reversal or dismissal without showing prejudice.

---

# VI. STRUCTURAL ERROR — CUMULATIVE CONSTITUTIONAL FAILURE

This case does not involve a single procedural defect.

It involves multiple independent constitutional failures:

• defective notice

• escalation after protected conduct

• nondisclosure of evidence

• interference with self-representation

• failure to respond to motions

• prosecution initiated despite unresolved due process objections

When combined, the proceeding becomes unreliable as a matter of law.

Structural error renders a trial fundamentally unfair:

Tumey v. Ohio, 273 U.S. 510 (1927)

Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)

A court must not proceed where fairness itself is compromised.

## VII. SELECTIVE PROSECUTION AND PREJUDICIAL POSTURE

The record demonstrates escalation only after Defendant invoked constitutional protections.

Punishing the exercise of rights is forbidden:

North Carolina v. Pearce, 395 U.S. 711 (1969)

The government may prosecute crime.

The government may not prosecute resistance to procedural defects.

## VIII. RELIEF REQUESTED

Because the prosecution is constitutionally defective at its foundation, Defendant respectfully requests:

1. Dismissal of the indictment with prejudice;
2. Alternatively, dismissal pending evidentiary hearing on vindictive prosecution;
3. Immediate Brady/Giglio disclosure order;
4. Recognition of Defendant's preserved right to self-representation.

## CONCLUSION

Courts do not exist to ratify accusations.

Courts exist to test them.

Where procedure collapses, conviction cannot stand — not because of sympathy, but because legitimacy depends on fairness.

The Constitution does not guarantee outcomes.

It guarantees the process by which outcomes are reached.

That process has failed here.

Respectfully submitted,

_____

Juan K. Spurlin Jr.

Pro Se Defendant

7231 Bedrock Cir

Lithonia, Georgia 30038

(470) 551-4086

punchamericallc@gmail.com

# Phase B — Validity of Prosecution

Assessment of charging process, judicial participation, and constitutional legality.